IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ GARCIA,

        Petitioner,               No. CIV S-06-1404 FCD KJM P

    vs.

E. EVANS,

        Respondent.          ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2009, judgment was entered in this court denying the petition. On February 2, 2010, petitioner filed a request for certificate of appealability and what appears to be a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal

/////

1  following entry of judgment is thirty days.  See Fed. R. App. P. 4(a).  Petitioner's notice of
2  appeal in this action was filed more than thirty days after entry of judgment.
3          The United States Court of Appeals for the Ninth Circuit has held that the
4  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
5  jurisdiction is not proper in that court.  Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978).
6  The rationale of Hayward applies with equal force to a certificate of appealability.  For these
7  reasons, the court declines to issue a certificate of appealability.
8          IT IS SO ORDERED.
9  DATED: February 18, 2010.

                FRANK C. DAMRELL, JR.
                UNITED STATES DISTRICT JUDGE